HARDY, Judge.
This suit was brought by plaintiff for the recovery of property damages and personal injuries resulting from an automobile accident. The defendants were named as the Linville Produce Company, the driver of its truck, Bobby Jack Dennis, and the liability insurer, New Amsterdam Casualty Company. After trial there was judgment in favor of plaintiff in the sum of $5,000, representing the amount awarded for personal injuries, and there was further judgment nonsuiting plaintiff’s claim for damages to his automobile. From this judgment defendants have appealed and plaintiff has answered the appeal, praying for an increase in the amount allowed to the sum of $6,054.
The suit arose out of the collision between a Studebaker automobile owned and driven by plaintiff and a truck-trailer unit of Linville Produce Company of Colorado, driven by its employee, Bobby Jack Dennis, and insured by defendant, New Amsterdam Casualty Company, on October 26, 1953, at or about 6:30 o’clock A.M. At the time of the accident plaintiff was driving south on Highway 20 and the truck of defendant, Linville Produce Company, was being driven north. The collision occurred on a long curve of the highway, having an average gradient of about 3.5 degrees from *13 north to south, during a drizzling rain. Plaintiff contends that Dennis was driving the Linville truck at a speed of approximately fifty miles per hour on the inside ■of the curve, and that he swung the tractor portion of the unit over the center line and struck the left rear of plaintiff’s car. On the other hand, Dennis, the driver of the Linville truck, contends that plaintiff was •driving at an excessive rate of speed, partially on the left side of the center line of the highway on the outside of the curve; that plaintiff attempted to turn to his tight but failed to clear the path of defendant’s truck, which struck the left rear of plaintiff’s car despite the effort of the driver of the truck to avoid the collision by turning to his right.
The only eyewitnesses to the accident were the drivers of the respective vehicles, whose contentions have been above related, either of which would plausibly explain the ■occurrence of the accident.
We find little help from the testimony .as to the physical circumstances in connection with the collision as given by other witnesses. Trooper Byrd of the State 'Highway Department arrived at the scene •of the accident some forty-five minutes more or less after its occurrence and testified on behalf of plaintiff. Two other wit-messes, Dubois and Johnson, testified that defendant’s truck had passed them on a ■curve moving at about SO or 55 miles per 'hour at a point some half mile south of the .site of the accident.
It is established that, immediately following the impact, defendant’s truck trailer unit crossed the highway to the west, broke ■through the guard-rail of the curve and •came to rest, wheels up, at a point entirely, ■off the highway, and plaintiff’s automobile, •thrown out of control, brushing against the guard-rail on the west of the curve, finally came to a stop some 260 feet, more or less, ■south of the point of impact.
After considering the testimony of the witnesses other than the drivers of the ^vehicles involved, we confess we are unable to draw any substantial assistance therefrom. It is clear that the testimony of the trooper, Byrd, based upon his examination of the scene of the accident, is afflicted with such vagueness and uncertainty as to preclude the formulation of any firm conclusion therefrom. The testimony of the witnesses, Dubois and Johnson, bears upon a place and circumstance, which had no immediate relation to or bearing upon the accident which is the basis of this suit.
In the final analysis, therefore, we are relegated, in the attempt to draw a conclusion, to the stories of the drivers involved. Their respective versions of the occurrence are irreconcilably, opposed one to the other, and while each, standing alone, might be regarded as convincing, there is no ground for reconciliation.
After thorough and careful consideration of the record we can only reach the conclusion that plaintiff has failed to sustain the burden of proof incumbent upon him in such degree as would entitle him to judgment. Similarly, the defendant, Lin-ville Produce Company, has failed in the same extent and measure to establish plaintiff’s negligence with any such degree of certainty as would justify the allowance of its reconventional claim.
, Our only conclusion in this matter must be that the two vehicles met on the curve of a highway, rendered dangerous to travel by weather and consequent highway surface conditions, and that neither of the drivers of the respective vehicles was able to affirm and satisfactorily establish the cause or causes of the collision.
For the reasons assigned it follows that the judgment appealed from must be and it is reversed and set aside and there is now judgment in favor of defendants rejecting plaintiff’s demands, and further judgment in favor of plaintiff rejecting the reconventional demands of defendant, Linville Produce Company, with costs of both courts to be apportioned pro rata against the parties plaintiff and defendant.